## UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Lynnette Marie Jacobs        Case No.: 1:22-CR-006-H(01) |
| Name of Sentencing Judge: | U.S. District Judge James Wesley Hendrix |
| Date of Original Sentence: | August 5, 2022 |
| Original Offense: | Postal Keys or Locks, Stolen or Reproduced, in violation of 18 U.S.C. § 1704, a Class C felony |
| Original Sentence: | 36 months custody to run concurrently with any sentence imposed in Case Nos. 23387B, 23394B, and 23396B, all pending in the 104th District Court, Taylor County, Texas, and to run consecutively to any sentence imposed in Case No. 1-656-21 pending in the County Court at Law No. 1, Taylor County, Texas, 3-year term of supervised release |
| Revocations: | None |
| Detainers: | None |
| U.S. Marshals No.: | 82622-509 |
| Type of Supervision: | Supervised Release  Date Supervision Commenced: December 27, 2023 |
| Assistant U.S. Attorney: | Ann Howey        Defense Attorney: Aaron Eugene Eckman (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

### I.

#### Violation of Special Condition No. 8

The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $40.00 per month.

#### Nature of Noncompliance

Lynnette Marie Jacobs (Jacobs) violated this condition of supervised release by using alcohol in or about June 2024. On July 3, 2024, Jacobs admitted verbally and in writing to Senior U.S. Probation Officer Rachel Doran that she used alcohol on or about June 2, 2024, and four times ("4x") since.

Cynthette Marie Jacobs
Petition for Person Under Supervision

## II.

### Violation of Mandatory Condition No. 2

You must not unlawfully possess a controlled substance.

### Violation of Mandatory Condition No. 3

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Violation of Special Condition No. 8

The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $40.00 per month.

### Nature of Noncompliance

Jacobs violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about June and July 2024, and by possessing mushrooms (psilocybin), an illegal controlled substance, in July 2024. On or about July 13, 2024, Jacobs violated this condition of supervised release by possessing 2.13 grams of mushrooms (psilocybin) during a traffic stop.

On July 17, 2024, Jacobs submitted a urine specimen to the Abilene Probation Office that tested positive for methamphetamine via an on-site test. On that same day, Jacobs admitted verbally and in writing to Sr. U.S. Probation Officer Rachel Doran that she used methamphetamine on or about July 15, 2024, and three other unspecified times since June 2, 2024.

## III.

### Violation of Standard Condition No. 2

After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

### Nature of Noncompliance

On or about April 29, and June 4 and 11, 2024, Jacobs violated this condition of supervised release by failing to report as instructed.

On April 23, 2024, Senior U.S. Probation Officer Rachel Doran verbally instructed Jacobs to report to the Abilene Probation Office on April 29, 2024. On April 29, 2024, Jacobs failed to report as instructed.

On June 3, 2024, Senior U.S. Probation Officer Rachel Doran instructed Jacobs to report to the Abilene Probation Office on June 4, 2024. On June 4, 2024, Jacobs failed to report as instructed.

On June 10, 2024, Senior U.S. Probation Officer Rachel Doran instructed Jacobs to report to the Abilene Probation Office on June 11, 2024. On June 11, 2024, Jacobs failed to report as instructed.

## IV.

### Violation of Standard Condition No. 5

You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

### Nature of Noncompliance

Jacobs violated this condition of supervised release by failing to reside at a place approved by the probation officer. On June 24, 2024, Jacobs' mother reported Jacobs was no longer residing at her approved residence of 626 County Road 176, Ovalo, Texas 79541. On July 3, 2024, Jacobs reported she maintains few belongings at the residence in Ovalo, but she has been primarily staying with a friend at 342 Meander, Abilene, Texas. The residence was not approved in advance by the U.S. Probation Officer. Additionally, on July 17, 2024, DEA Task Force Officer Zachary Verden stated that Jacobs had been residing at 1533 Parramore Street, Abilene, Texas, for approximately one month.

## V.

### Violation of Standard Condition No. 7

You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as you position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

### Nature of Noncompliance

Jacobs violated this condition of supervised release by failing to seek or obtain full time employment. Jacobs failed to provide job search verification or proof of employment.

## VI.

### Violation of Standard Condition No. 8

You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

United States v. Jacobs
Petition for Person Under Supervision

## Nature of Noncompliance

Jacobs violated this condition of supervised release on or about June 2, 2024, by interacting with Damien Ussery, a person whom Jacobs knew was engaged in criminal activity.

Jacobs violated this condition of supervised release on or about June 12, 2024, by interacting with Jared Scott Melander, a person whom Jacobs knew was engaged in criminal activity.

Jacobs violated this condition of supervised release on or about July 9, 2024, by interacting with Steven Fowler, a person whom Jacobs knew was engaged in criminal activity.

Jacobs violated this condition of supervised release on or about July 9, 2024, by interacting with Zachary McMorris, a person whom Jacobs knew was engaged in criminal activity.

Jacobs violated this condition of supervised release on or about July 17, 2024, by interacting with Bronson Serasio, a person whom Jacobs knew was engaged in criminal activity.

## VII.

### Violation of Standard Condition No. 9

If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

## Nature of Noncompliance

Jacobs violated this condition of supervised release by failing to notify the U.S. Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer. On July 13, 2024, Jacobs was questioned by law enforcement officers. Jacobs failed to notify the U.S. Probation Officer within 72 hours, or by July 16, 2024, of being questioned by a law enforcement officer.

## VIII.

### Violation of Standard Condition No. 10

You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

## Nature of Noncompliance

Jacobs violated this condition of supervised release on or about June 3, 2024, by having access to the following ammunition: Winchester 12-gauge shotgun rounds and five (5) additional boxes of various ammunition rounds.

Jacobs violated this condition of supervised release on or about June 3, 2024, by having access to the following firearms: Savage Axis 380 rifle, bearing Serial Number N766560; Remington Model 870 Marine Magnum Shotgun, bearing Serial Number rg22610a; and a Glock 42 pistol, bearing Serial Number U14250202

## IX.

## Violation of Standard Condition No. 11

You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

## Nature of Noncompliance

On July 13, 2024, Jacobs violated this condition of supervised release by informing officers during a traffic stop that she was working for Drug Enforcement Administration (DEA) Task Force Officer (TFO) Zachary Verden as an informant. Jacobs did not obtain permission from the court to work as a confidential human source or informant.

## X.

## Violation of Mandatory Condition No. 4

You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

## Violation of Special Condition No. 5

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall pay restitution in the amount of $5,315.09 (of the $5,315.09 amount, $2,382.22 is to be paid jointly and severally with codefendant(s) Forrest Lee Redden) payable to the U.S. District Clerk, 341 Pine Street, Room 2008, Abilene, Texas 79601, for disbursement to:

Chase Bank
New York City, New York 10017
$2,932.87
RE: APD Report 21-054926 Victim Kimberly Burton
Attn: Fraud Department

Abilene Teacher's Federal Credit Union
Abilene, Texas 79608
$2,382.22 (jointly and severally with codefendant Forrest Lee Redden)
RE: APD Report 21-025018 Victim Tamra Tallman
POC: Terra Augustine

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $5,315.09 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $250.00 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each moth thereafter until the restitution is paid in full.

## Nature of Noncompliance

Jacobs violated these conditions of supervised release by failing to make restitution payments in the amount of $250 per month, for the months of March, April, May, and June 2024.

Cynthia Marie Jacobs
Petition for Person Under Supervision

## XI.

**Violation of Special Condition No. 6**

The defendant shall immediately pay a fine to the United States in the amount of $4,000.00, payable to the U.S. District Clerk, 341 Pine Street, Room 2008, Abilene, Texas 79601. If upon commencement of the term of supervised release any part of the fine remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $100.00 per moth until the fine is paid in full.

**Nature of Noncompliance**

Jacobs violated this condition of supervised release by failing to make fine payments in the amount of $100, for the months of March, April, May, and June 2024.

### Personal History

Jacobs commenced her term of supervised release on December 27, 2023. She released to her mother's residence in Ovalo, Texas, but was never available for home visits by the probation officer. Shortly after her release, Jacobs requested to participate in a compensated medical study in Austin, Texas, in order to pay part of her restitution and fine. The probation officer agreed to let her participate under the condition she return to the Northern District of Texas between the treatment phases and that she make a large payment towards her restitution and fine liabilities. Jacobs failed to inform the probation officer of her whereabouts, her presence became scarce, and she became difficult to contact.

In April 2024, in an effort to contact Jacobs, this probation officer traveled to Jacobs' residence. A "for sale" sign was placed in front of the property. This probation officer left instructions at Jacobs' residence for Jacobs to report in person to the Abilene Probation Office the next day. That next day, Jacobs called this probation officer and stated she was in Austin, Texas, at the medical study and would return later that week. The probation officer scheduled an office appointment the following Monday and instructed her to bring documentation from the medical study. That next Monday, she failed to report and failed to provide documentation of the study. Further, she stated she had no transportation to travel back to Abilene. Jacobs reported as instructed a few days later, in May 2024. Thus far, Jacobs has not provided any verification of the medical study, nor has she provided documentation of an employment search.

On May 29, 2024, this probation officer spoke with Jacobs about a notification she received from law enforcement the previous day. The automated notification emailed the probation officer when a law enforcement officer contacted and ran Jacobs' name through the NCIC database. Jacobs advised that she was in an abusive relationship, that had since ended. Jacobs declined needing domestic violence services at this time.

On June 3, 2024, this probation officer received a call from DEA TFO Verden explaining that Jacobs was a suspect involved in multiple burglaries that recently occurred. On that same day, Jacobs sent a text message to this probation officer asking to talk. When given the option, Jacobs chose to report the next day at 8:00 am. Jacobs failed to report but sent text messages to this probation officer at 10:47 a.m. stating she was 10 minutes away; and 4:32 p.m. advising she would report the next day. Jacobs failed to report the next day. On June 10, 2024, when this probation officer instructed Jacobs to report on June 11, 2024, she stated she was in San Antonio, and informed that this probation officer gave her permission. The probation officer instructed her to return to the Northern District of Texas and report immediately.

On June 13, 2024, this probation officer traveled to Jacobs' residence and left instructions for her to report on June 14, 2024. Jacobs failed to report as directed. On June 20, 2024, this probation officer met with DEA TFO Verden. He advised that Jacobs had been sending him numerous text messages regarding her knowledge of criminal activity. DEA TFO Verden replied to Jacobs that she was not working for him as an informant. On July 2, 2024, this probation officer instructed Jacobs to report in person to the Abilene Probation Office on July 3, 2024. On July 3, 2024, this probation officer explained every violation in detail of all the conditions of supervised and instructed her to report weekly beginning July 17, 2024. At this time, Jacobs also admitted she had been in a relationship with Damien Ussery, who is also on federal supervision. She stated she believed they were married by proxy after a 2-month relationship. She also informed she was not staying consistently at the residence in Ovalo.

On July 15, 2024, DEA TFO Verden notified this probation officer that Jacobs was encountered with a pocket of mushrooms (psilocybin) over the weekend. He explained that when officers found the mushrooms, Jacobs told them that she was working as an informant for DEA TFO Verden. As a result, she was not taken into custody. On July 17, 2024, Jacobs reported to the Abilene Probation Office and tested positive and admitted to the use of methamphetamine.

Since her release, Jacobs has made one $150 payment toward her outstanding restitution and fine balance. This probation officer has tried bringing Jacobs back into compliance numerous times. She continues to disregard her rules and conditions of release.

<strong>Statutory Provisions — Protect Act Supervised Release</strong>

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1). |
| **Fine:** | $4,000 |
| **Restitution:** | $4,841.51 |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

<strong>Chapter 7 Violation Computations</strong>

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §§7B1.1(a)(3) and 7B1.3(a)(2), (c)(2) & (d), p.s. |
| **Criminal History Category:** | IV | USSG §7B1.4(a), p.s. |

Lynnette Marie Jacobs
Petition for Person Under Supervision

| **Imprisonment Range:** | 6 to 12 months | USSG §7B1.4(a), p.s. |
|---|---|---|
| **Fine:** | $4,000 | USSG §7B1.3(d), p.s. |
| **Restitution:** | $4,841.51 | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2024
Respectfully submitted,                          Approved,

_____                          _____

Rachel Doran                                     Richard A. Cortinaz
Senior U.S. Probation Officer                    Supervising U.S. Probation Officer
Abilene Division                                 Phone: 325-486-4070
Phone: 325-690-3983

Lynnette Marie Jacobs
Petition for Person Under Supervision

---

**Order of the Court:**

☐    No action.

☑    The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐    The Issuance of a Summons.

☐    Other or Additional:

_____

_____

☐    File under seal until further order of the Court.

The Honorable James Wesley Hendrix
U.S. District Judge

7/29/24

Date